**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50064 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-01068-ODW |
| v. | |
| EDGAR RAFAEL AGUILAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted April 22, 2015[**]

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Edgar Rafael Aguilar appeals from the district court's judgment and

challenges the 135-month sentence imposed following his guilty-plea conviction

for conspiracy to possess with intent to distribute and to distribute controlled

substances, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Aguilar contends that the district court procedurally erred by failing to consider and address his argument that a Guidelines sentence created an unwarranted sentence disparity between him and his co-defendants. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court correctly considered the need to avoid unwarranted sentencing disparities and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Aguilar next contends that his sentence is substantively unreasonable in light of the alleged sentencing disparity and the mitigating factors. The district court did not abuse its discretion in imposing Aguilar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Aguilar's criminal history. *See Gall*, 552 U.S. at 51; *see also United States v. Carter*, 560 F.3d 1107, 1121 (9th Cir. 2009) (district court is justified in imposing different sentences on defendants who are convicted of different crimes).

**AFFIRMED.**

14-50064